Judge Robertson,
delivered the opinion of the Court.
Although the allegations of the bill in this case, are not as distinct and specific as;,will be generally required in a bill for a new trial; yet as there is enough stated, to render it probable, that, the complainant was lulled by the negotiation for cjbmpromise, and might have made defence at law, if he had not supposed that the defendant would not prosecute his action without notice to him, and that he did, not know of the trial in time to apply to the common law judge fora new trial; we think that the defendant ought to have answered the bill. Its allegations are sufficient to let in proof which would justify á deeree in favor of the complainant.
It is therefore ordered and decreed, that the decree of the circuit court be reversed, and the cause remanded for new proceedings.
The counsel for the defendant, would, respectfully ask the court to reconsider the opinion given.
A demurrermust be founded upon this,- ‘.‘that taking the charges in the bill to be true, it is'.fui absolute, certain, clear proposition, that the bill would be dismissed with costs at the hearing:* and though the court basan idea, that M"the cause goes on, th^f.e may be *102 some ground for a decree; yet, it seems, it is bound to say, whether upon the facts, as stated in the bill, if proved or confessed at the hearing, a decree would made.” 2 Maddocks, 225, Mitford, Pl. 86.
Petition for a re-hearing.
In the opinion rendered, this court say “although the allegations of the bill in this case, are not as distinct and specific as will be generally required in a bill for anew trial; yet, as there is enough stated to render it probable, that the complainant was lulled by the negotiation for compromise, and might have made ■ defence at law, if he had not supposed that the defendant would not prosecute his action without notice to him, and that he did not know of the trial in timé to apply to a common law judge for a new trial; we think that the defendant ought to have answered the bill; its allegations are sufficient to let in proof, which would •justify a decree in favor of the complainant.” It would seem from the authorities before cited, that the question in this case for the court, was, if the allegations of the bill were true, was the complainant entitled to relief? and not the question decided by the court, which was, is it probable, that the complainant may adduce proof which would entitle him to a new trial?
It is understood to be a rule, that the allegation and proof must agree; and if the proof goes'beyond the allegation, it is, in so far, to be disregarded by the court; a party cannot recover at law upon testimony, clearly demonstrating his right,.unless he has stated his, cause of action in his declaration, as broad as his proof; neither can a complainant in chancery entitle himself to relief upon a case fully made out in proof, if the case made out in the bill would not authorize it. The ■pleading in a suit is the channel through which the evidence is to flow.
In this case the court has distinctly conceded that the case presented in the bill, would not authorize a decree in favor of the complainant; but has reversed .the decision of the circuit court, not because that court erred in supposing the bill insufficient, but because “its allegations are sufficient to let in proof which would jnstify a decree in favor of the complainant.”
The decree then hereafter to be made in favor of complainant, is to be based upon proof which he *103 '¡allegation decision •]y under-base enti#blyadduce,notin support ofl|PMbi||: but a new and distinct casejÉ of tfchás $>urt upon the demurrer, wheb j#ob stood, is-,that the bill itself does not she<v : tling^the complainant to relief, but it shows enough “to let in proof ” which may present a case upon which the complainant ought to be relieved.
Petition for a re-hearing.
. It is (Bought to be entirely unnecessary prefer to the purpose of shewin case, entitling the coi ; this seems not to be 1 however,’remark, tha! ¡.at the complainant con ling which would defea' oes not a new by the pretend another by the ¡|f>r reduce the amount befbw the 'f^SIner verdict; iHiaYtly suggests that the ífccovery-)í£¡i$ unjust.
The ground presented, would not have ■ eñ|3tled the complainant to a new trial, had the application been made in due season to the court of law. The cases decided by this court, (are so numerous) to_sbow this fact,.that a particular citation is thought unnecessary.
The court overruled the petition for a re-hearing.